197 N.J. Super. 44 (1984)
484 A.2d 35
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
FAPS REALTY CORP., ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 9, 1984.
Decided November 16, 1984.
*45 Before Judges KING, DEIGHAN and BILDER.
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for appellant (James J. Ciancia, Assistant Attorney General, of counsel; Patricia D. Connelly, Deputy Attorney General, on the brief.)
*46 Carton, Nary, Witt & Arvanitis, attorneys for respondent Faps Realty Corp. (Stephen C. Carton, of counsel and on the brief.)
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal by the Commissioner of Transportation from a $53,000 condemnation award. The State contends the valuation opinion upon which the award was based included damages for which an owner may not be compensated and that without the separation of such improper elements, the opinion was inadmissible. We agree.
Defendant was the owner of a 3.58 acre tract located on the easterly side of Route 9 in Howell Township. The property, which for the purpose of this case could be thought of as roughly rectangular, extended 466 feet along Route 9 and was about 250 feet deep. It was a corner property fronting on 1st Street as well as Route 9 and was improved with a plumbing supply store, a warehouse, two smaller commercial structures rented by a veterinarian and a gas company, and two residential homes. The plumbing supply store and the two commercial structures faced Route 9 and were from about 23 to 25 feet from the easterly line of the right-of-way as it existed before the taking.
On March 2, 1982, in connection with the widening of Route 9, the State took a narrow strip of defendant's land along the right-of-way, varying in width from 4 feet to 6.8 feet and a narrow 4-foot strip for about 72 feet along 1st Street easterly of the corner. The total taking was 2,763 square feet or .06 acres.
Most of the widening in the vicinity of defendant's property took place on the west side of Route 9. Land was taken on the east side of the right-of-way to construct a grassy berm area as a safety area along the east side of the highway.
*47 Prior to the taking, there was no access control to defendant's property. Cars were able to pull directly into the property and park head-on in front of the three commercial buildings. There were no defined driveways and drivers could use some 20-odd feet of State-owned property between the traveled way and the easterly line of the right-of-way to back out and maneuver from the area immediately in front of the commercial buildings. The effect of constructing the berm area was to eliminate the ability of vehicles to enter and exit the property at any point. Instead of uncontrolled access, there will be three driveways across the front of the property with grassy areas in-between. The driveways the State plans to construct are not in fixed locations  the owner may request locations as long as they comply with relevant regulations, but the maximum number will be three.
Where a taking is partial, the measure of damages is the difference in the value of the tract before and after the taking, or the value of the land that is taken and compensation for the diminution in value that will result from the taking. See State v. Williams, 65 N.J. Super. 518, 524 (App.Div. 1961). At the trial, defendant contended that the value of the remaining property was diminished because the parking in front of the commercial buildings was substantially reduced. On the average, the distance between the buildings and the edge of the unimproved highway was 48 feet. Since customers were able to use the unimproved part of the State's right-of-way, they had more than enough room to park, turn and re-enter Route 9. Apparently, an average car is about 19 feet long and requires about 44 feet for maneuvering room. The taking by the State reduced the distance from the buildings from 25 feet to about 17 feet but, of more significance, the change in access prevented the use of the State land for maneuvering room. The combined effect of the taking and the change in access was to reduce the distance available to park cars in front of the buildings from 48 feet to about 17 feet. However, the mere taking without the access change which prevents use of the *48 State-owned land would have still left the 44 feet needed for maneuvering room between the buildings and the roadway.
Experts were produced by both parties who testified as to the damages. The State's expert valued the condemned strip at $3,600 and found no damage to the remainder. Defendant's expert valued the condemned strip at $4,963 but, more significantly, found damage to the remainder by way of loss of commercial rent caused by loss of parking and ease of parking. He testified this loss would equal one-third of the annual net rent or $8,507 which he capitalized to $55,601. When added to the value of the condemned land, this made a total of $60,564 which defendant's expert found to be the just compensation to which defendant was entitled.
On cross-examination defendant's expert conceded that the State's control of the access to the property played a part in his damage computation but he was unable to separate the effect the change in access had on his $55,601 damage computation. The limitation of access resulting from the installation of the berm does not entitle the landowner to compensation. See State v. Charles Investment Corporation, 143 N.J. Super. 541, 545 (Law Div. 1976), aff'd o.b. 151 N.J. Super. 14 (App.Div. 1977), aff'd o.b. 76 N.J. 86 (1978). Nor can a property owner be compensated for the use by the State of the State's own uncondemned property. See State, Comm'r of Transp. v. Cooper Alloy Corp., 136 N.J. Super. 560, 571 (App.Div. 1975). The driveways will be constructed on property owned by the State before the taking. It is this change in access which is the primary cause of defendant's loss of automobile maneuvering room in front of the buildings.
An opinion as to damage which includes both compensable and noncompensable items and does not separate, nor permit the fact-finder to separate, the proper from the improper is not competent evidence. State Highway Commission v. Central Paving Co., 240 Or. 71, 399 P.2d 1019 (Sup.Ct. 1965); see Arkansas State Highway Commission v. Wallace, 247 *49 Ark. 157, 160, 444 S.W.2d 685, 687 (Sup.Ct. 1969); 5, Nichols, Law of Eminent Domain § 18.42[1] (1984). Value cannot be established by guess or conjecture. See Joseph v. Passaic Hospital Assn., 26 N.J. 557, 575 (1958).
Since the award must be reversed, we need not consider the State's additional contention with respect to the prejudgment interest.
Reversed and remanded for a new trial. We do not retain jurisdiction.